UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.   6:15-cr-49-Orl-31DAB
                (Forfeiture)

ROBERT LEE CRADDOCK

### UNITED STATES' MOTION FOR FORFEITURE MONEY JUDGMENT

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), for a Forfeiture Money Judgment in the amount of $117,700.00, which upon entry, shall become a final order of forfeiture as to the defendant Robert Lee Craddock.   In support of this motion, the United States submits the following memorandum of law.

### MEMORANDUM OF LAW

**I.   Statement of Facts**

1.   On March 11, 2015, a two count Indictment was returned.   Counts One and Two charged the defendant with wire fraud, in violation of 18 U.S.C. § 1343.   Doc. 1.   The Indictment also contained forfeiture allegations, which noticed the defendant that the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek to forfeit the defendant's right, title, and interest in any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations.   *Id.* at 3.

2. On June 12, 2015, the United States and the defendant entered into a plea agreement. Doc. 27. In paragraph 6 of his plea agreement, entitled "Forfeiture of Assets," the defendant agreed he is liable for a forfeiture money judgment in the amount of $117,700, which represents the proceeds he received from the wire fraud offenses charged in Counts One and Two. *Id.* at 3.

3. On June 22, 2015, the defendant pled guilty to Counts One and Two of the Indictment. Doc. 29. On June 29, 2015, the Court accepted the plea of guilty and rendered adjudication of guilty as to Counts One and Two of the Indictment. Doc. 39. The defendant is scheduled to be sentenced on September 14, 2015, at 10:00 a.m. Doc. 38.

II. **Applicable Law**

The Court's authority to order forfeiture of property for violations of 18 U.S.C. § 1343 is found upon 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). The term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1). 18 U.S.C. § 1956(c)(7)(A). Specifically, 18 U.S.C. § 1961(1)(B) includes as an offense any act which is indictable under 18 U.S.C. § 1343. Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c), authorizes the criminal forfeiture of

2

any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.

Pursuant to Rule 32.2(b), if the government seeks a personal money judgment against defendant, the court shall determine the amount of money that the defendant will be ordered to pay, and, thereafter, promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment. Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(2).

In this instance, the United States asserts, and the defendant admitted, that the amount of proceeds obtained by the defendant from his wire fraud offenses is $117,700. Plea Agreement at 3 and Factual Basis at 13. Further, the defendant admitted in his Plea Agreement that on or about June 1, 2010, following the Deepwater Horizon oil spill, the defendant electronically transmitted through interstate commerce a Notice of Loss Report with BP claiming that Mail-Block.com Corporation was a $40,000 per year business that had lost revenue because of the oil spill. Factual Basis at 12. According to the defendant, the decrease in Florida's tourism industry following the oil spill led to a decrease in his lead sales business and could have led to the disconnection of servers for his e-mail service due to the lost revenue in the lead sales business. *Id.* The defendant claimed that, based on the oil spill, he had lost earnings of $117,660 over the previous six months. The defendant provided documentation that indicated that his largest amount of sales in the previous six months had been $19,610 in March 2010. *Id.*

at 12-13. The $117,660 figure was derived by multiplying the March 2010 number ($19,610) by six months.

The defendant provided invoices to support his claim, but investigations revealed that those invoices were fictitious and were generated by the defendant solely to support his claim and to defraud Gulf Coast Claims Facility (GCCF) out of monetary payments based on the claim. *Id.* at 13. Bank records show that only the following deposits were made into the defendant's bank account in March 2010: 1) a cash deposit of $300.00; 2) a check from A**** A****** for $3,300.00; 3) a check from Okeechobee Painting for $1,000.00; and 4) a wire transfer from the City of Lakeland for $15,000.00. *Id.* When interviewed by the U.S. Secret Service, the defendant admitted that the $3,300.00 check from A**** A****** and the $1,000.00 check from Okeechobee Painting were not related to his lead sales business. *Id.* Additionally, the $15,000.00 wire transfer was related to the defendant's work brokering a failed business deal between Okeechobee Painting and the City of Lakeland. *Id.*

BP transferred all claims arising from the oil spill to the GCCF on August 23, 2010. *Id.* The transfer included the defendant's claim, which was still being investigated. The defendant received two payments by interstate wire from GCCF based on his claim. *Id.* The first of those payments was for $66,000 on September 7, 2010. The second payment from GCCF was for $51,700 on October 4, 2010. Combined, the payments totaled $117,700, which is the entire

amount of lost earnings that the defendant claimed, rounded to the nearest $100. *Id.* During a subsequent interview with the U.S. Secret Service, the defendant admitted that he used the money that GCCF transmitted to him to pay for items such as his mortgage, groceries, and cell phone. *Id.* at 14. Accordingly, the United States maintains that defendant shall be liable for a money judgment in the amount of $117,700 for his involvement in the offenses referenced herein, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The government seeks forfeiture money judgments, pursuant to Rule 32.2 (b)(2), in those specific instances where the defendant no longer has the actual dollars or traceable property in his possession or the government cannot locate them. In these cases, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the government. *United States v. Puche*, 350 F.3d 1137, 1153-1154 (11th Cir. 2003) (ordering money judgment equal to value of commission and untainted money used to facilitate money laundering); *United States v. Conner*, 752 F.2d 566, 577 (11th Cir. 1985) (ordering money judgment for amount of proceeds obtained from RICO violations); *see also United States v. Navarro-Ordas*, 770 F.2d 959, 970 (11th Cir. 1985).

Here, because the United States could not locate all of the specific property constituting or derived from proceeds traceable to the wire fraud violations, that is the actual funds obtained or items purchased with said funds, the United States seeks a forfeiture money judgment against the defendant. Lastly, pursuant to

Rule 32.2(b)(4), at sentencing, or at any time before sentencing if the defendant consents, the preliminary order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

### III. Conclusion

WHEREFORE, the United States respectfully requests that this Court enter a Money Judgment in the amount of $117,700 against defendant Robert Lee Craddock, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: s/Nicole M. Andrejko
Nicole M. Andrejko
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maria Guzman, Esquire

                              s/Nicole M. Andrejko
                              Nicole M. Andrejko
                              Assistant United States Attorney
                              Florida Bar Number 0820601
                              400 West Washington Street, Suite 3100
                              Orlando, Florida  32801
                              Telephone:  (407) 648-7500
                              Facsimile:  (407) 648-7643
                              E-mail:  Nicole.Andrejko@usdoj.gov